■ In the Matter of BOARD OF COOPERATIVE EDUCATIONAL SERVICES FOR THE SOLE SUPERVISORY DISTRICT OF CHAUTAUQUA COUNTY, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 11, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent abolishing the Sole Supervisory District of Chautauqua County and annexing it to the Second Supervisory District of Erie and Cattaraugus Counties.

A vacancy in the office of the District Superintendent of Schools for the Sole Supervisory District of Chautauqua County occurred on January 1, 1986 upon the retirement of District Superintendent A. Calvin Peterson. When such a vacancy occurs, the State Education Department is required to survey the field in the county where the vacancy occurs to determine whether a lesser number of supervisory districts are able to adequately serve the educational interests of the county (Education Law § 2201 [2]). The individual school districts of the State are placed in supervisory districts and are provided with shared educational programs by boards of cooperative educational services (hereinafter BOCES). Petitioner serves all the school districts in Chautauqua County which includes the Jamestown City School District.

Upon completion of the study by members of the staff of the State Education Department and after consultation with local school representatives, including District Superintendent Peterson and his counterpart at adjoining Erie II-Cattaraugus BOCES, the study committee recommended to respondent that

petitioner be dissolved and annexed to the Erie II-Cattaraugus Supervisory District, thereby forming the Erie II-Chautauqua-Cattaraugus BOCES. This recommendation was 1 of 4 options described in the study submitted, which presented detailed facts and figures setting forth empirical data with specific references describing the respective advantages or disadvantages of each alternative. The staff's recommendation was accepted by respondent and the two supervisory districts were ordered merged as of January 1, 1987. The instant CPLR article 78 proceeding followed.

Upon appeal from the dismissal of its petition, petitioner contends that there are issues of fact raised which can only be resolved by a trial of those issues before Supreme Court, that the court erred in applying the wrong standards of review of respondent's determination, and that the determination made was arbitrary and capricious. We reject those contentions and affirm the judgment appealed from.

Essentially, what petitioner alleges to be triable issues of fact are whether the proposed merger would result in substantial salary increases, because of the "leveling-up" of the salaries of the respective BOCES personnel, and whether the resulting district would be compact, as required by Education Law § 2201. The issues presented are questions that are assigned to the broad discretion of respondent as matters of educational policy (see, Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ., 23 NY2d 483, 485). As such, neither court nor jury can substitute its judgment for that of respondent (see, Matter of Vetere v Mitchell, 21 AD2d 561, 564, affd sub nom. Matter of Vetere v Allen, 15 NY2d 259, cert denied 382 US 825). We agree with Supreme Court that the determination made was neither arbitrary nor capricious and was founded upon a rational basis after due consideration.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.